UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

X SOCIAL MEDIA LLC,

    Plaintiff,

v.                                                         Case No. 6:23-CV-01903-JA-EJK

X CORP.,

    Defendant.

_____

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on January 18, 2024. Kathryn Kent and Sophie Edbrooke, Counsel for Plaintiff, and Megan Bannigan, Jared Kagan, Nicole Flores, Dustin Mauser-Claassen, and Daniel Cohen, Counsel for Defendant, attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 2/7/2024 |

| | | |
|---|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 3/13/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 10/25/2024 |
| | Defendant | 12/6/2024 |
| | Rebuttal | 1/21/2025 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 4/2/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 5/2/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Selected Mediator (subject to conflicts clearance): Name: Brian Gilchrist Address: 255 S. Orange Avenue, Ste. 1401 Orlando, FL 32802 Phone: 407-841-2330 | | 4/18/2025 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 8/6/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 8/21/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 9/19/2025 |
| Month and year of the trial term. | | October 2025 |

The trial will last approximately 4 to 7 days and be

☐ jury.

☒ non-jury.

3. **Description of the Action**

This is a trademark infringement and unfair competition case. Plaintiff alleges causes of action under 15 U.S.C. §§ 1114, 1125, Florida common law, and Florida's Deceptive and Unfair Trade Practices Act. Plaintiff asserts that Defendant's use of

2

the trademark X creates a likelihood of confusion with Plaintiff's trademark X SOCIALMEDIA and seeks injunctive relief, corrective advertising, accounting of Defendant's profits, damages, and attorneys' fees. Defendant denies Plaintiff's allegations. The issues presented are moderately complex. The parties anticipate experts, including consumer-perception experts, and third-party discovery.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

Plaintiff anticipates needing discovery regarding: Defendants prior knowledge of Plaintiff's use of its X mark and its registration. Defendant's use and registration of trademarks for X-formative marks in International Class 35 and related classes; Defendant's knowledge of third-party use and registration; Defendant's branding efforts and Defendant's offered services; Defendant's actual sales methods used; Defendant's targeted consumers; Defendant's channels of trade; Defendant's marketing and advertising; Defendant's sales; Defendant's awareness of instances of consumer confusion; Defendant's plans for expansion and use of its infringing mark.

Defendant anticipates needing discovery regarding: when Plaintiff first learned about Defendant and its use and application for registration of X; third-party use and registration of trademarks for X-formative marks in International Class 35; Plaintiff's knowledge of such third-party use and registration; Plaintiff's efforts to enforce its trademark rights; Plaintiff's offered services; Plaintiff's actual sales methods used; Plaintiff's targeted consumers; Plaintiff's channels of trade; Plaintiff's marketing and advertising; Plaintiff's sales; Plaintiff's alleged damages; Plaintiff's

      awareness of instances of consumer confusion; Plaintiff's awareness of any consumer injury resulting from Defendant's alleged conduct.

C. Discovery should be conducted in phases:

☐ No.
☒ Yes; the Parties believe that discovery in this case should be conducted in phases, with fact discovery first followed by expert discovery. Initial requests for production shall be served no later than March 26, 2024. The parties shall make rolling document productions. Substantial completion of document discovery shall occur by September 6, 2024. Fact depositions and other remaining factual discovery shall be concluded by October 23, 2024. The remaining phase of expert discovery shall take place according to the deadlines set forth above. All discovery will be closed by April 2, 2025.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes; the parties anticipate entering into a separate Electronically Stored Information Agreement.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐  Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

/s/ Kathryn G. Kent

Kathryn G. Kent, Esq.
X SOCIAL MEDIA LLC
1/19/2024

/s/ Megan K. Bannigan

Megan K. Bannigan, Esq.
X CORP.
1/19/2024

/s/ Sophie A. Edbrooke

Sophie A. Edbrooke, Esq.
X SOCIAL MEDIA LLC
1/19/2024

Add name of party or counsel
If counsel, add name of client
Add date of signature

Add name of party or counsel
If counsel, add name of client
Add date of signature

Add name of party or counsel
If counsel, add name of client
Add date of signature

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on January 19, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Dustin Mauser-Claassen*
Dustin Mauser-Claassen
Florida Bar No. 0119289
KING, BLACKWELL, ZEHNDER
 & WERMUTH, P.A.
25 E. Pine St.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
dmauser@kbzwlaw.com

*Counsel for Defendant*
*X Corp.*
