**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| X SOCIAL MEDIA LLC, <br><br> Plaintiff, <br><br> v. <br><br> X CORP., <br><br> Defendant. | Case No. 6:23-CV-01903-JA-EJK <br><br> **DEFENDANT X CORP.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |

## I. PLAINTIFF STILL LACKS PLAUSIBLE ALLEGATIONS OF INFRINGEMENT

Plaintiff's Complaint (Doc. 1) fails to plausibly allege a likelihood of confusion, particularly given that the sole alleged similarity between the marks is the single letter X, which is shared by hundreds of other companies. It is not enough to give the defendant notice of the claims. A complaint must plausibly state a claim—a critical pleading requirement that both Plaintiff's Complaint and Opposition ignores.

A conclusory complaint consisting of a formulaic recitation of the elements of a cause of action cannot survive. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the standard established in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), requires *factual* allegations; courts in this Circuit have held that "allegations that are *merely consistent* with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333 (11th Cir. 2012) (emphasis added) (citation omitted).

The Complaint fails to plausibly allege a single likelihood of confusion factor

that favors Plaintiff, and Plaintiff's Opposition does not and cannot show otherwise. Although a plaintiff need not *prove* trademark infringement at the pleading stage, the Court still must consider the likelihood of confusion factors. If a plaintiff fails to allege plausible facts regarding these factors, the claim should be dismissed. *See Websters Chalk Paint Powder, LLC v. Annie Sloan Interiors, Ltd.*, No. 1:13-CV-2040, 2014 WL 4093669 at *14 (N.D. Ga. Aug. 18, 2014) (dismissing claim for failure to address likelihood of confusion factors); *see also Kaniadakis v. Exec. Bd. of Directors*, No. 8:17-CV-419, 2018 WL 4568871 at *4 (M.D. Fla. Jan. 26, 2018) (dismissing allegations of infringement that were "exactly the kind of threadbare recitals and conclusory statements prohibited by *Iqbal*.") (quotations omitted); *P & J Consulting, Inc. v. Bauer*, No. 6:08-CV-906, 2008 WL 11335102 at *3–4 (M.D. Fla. Dec. 1, 2008) (same); 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:121.75 (5th ed., Dec. 2023 Update) [hereinafter "MCCARTHY"] ("[A] growing number of courts have dismissed a trademark infringement complaint on a Rule 12(b)(6) motion when the allegations of a likelihood of confusion are implausible in view of the facts alleged.").

II. **THE COMPLAINT FAILS TO PLAUSIBLY ALLEGE THAT PLAINTIFF OWNS A STRONG MARK**

   A. **THE CROWDED FIELD OF X-FORMATIVE MARKS RENDERS PLAINTIFF'S MARK WEAK**

The hundreds of third-party X-formative trademark registrations identified in Defendant's opening brief are the proper subject of judicial notice. *See Therapeutics MD, Inc. v. Evofem Biosciences, Inc.*, No. 20-CV-82296, 2022 WL 1978723 at *1 (S.D. Fla. June 5, 2022) (USPTO records are subject to judicial notice); *see also Sream, Inc.*

2

*v. K & R of WPB, Inc.*, No. 17-CV-80222, 2017 WL 6409014 at *3 (S.D. Fla. May 9, 2017) (USPTO registrations may be judicially noticed on a motion to dismiss); *ROOR v. Sanz Bros., LLC*, No. 16-61429-CIV, 2018 WL 1881287 at *5 (S.D. Fla. Mar. 1, 2018), *R&R adopted*, 2018 WL 1875621 at *1 (S.D. Fla. Mar. 7, 2018) (same).

Plaintiff's conclusory argument that the registrations are not "accura[te]," Doc. 32 at 15, is meritless. A federal trademark registration may be obtained only by showing that the owner is using—or has a bona fide intent to use—the trademark, and courts regularly consider the presence of extensive third-party registrations for similar marks as proof of use in commerce. 15 U.S.C. § 1051(a), (b); *see also Giggle, Inc. v. netFocal, Inc.*, 856 F. Supp. 2d 625 (S.D.N.Y. 2012) ("[T]he fact a third party has registered a trademark is circumstantial evidence that it has or is likely to use the mark in commerce."); *Easy Spirit, LLC v. Skechers U.S.A. Inc.*, 571 F. Supp. 3d 185, 204 n. 9 (S.D.N.Y. 2021) ("[T]hird-party registrations for competitive products weakened the strength of the senior mark, even without additional evidence of the extent of the use of those marks.") (citation omitted).

Plaintiff's argument that third-party registrations are not central to its claims, Doc. 32 at 15, fares no better. As Plaintiff concedes, the crowded field in which the parties' marks exist directly informs the commercial strength of Plaintiff's mark, which necessarily informs whether confusion is plausible. Even if the Court considers only those third-party registrations that are similar to Plaintiff's mark (*e.g.*, stylized X-formative marks) for similar goods and services (*e.g.,* advertising and related services), that still leaves hundreds of registrations. *See, e.g.*, Doc. 26-1, Nos.

3

1, 35, 37, 50, 55, 72, 86, 96, 118 and 119. These third-party X-formative marks, with which Plaintiff is currently peacefully coexisting, are central to the plausibility of Plaintiff's claims and cannot be ignored. *See Savtira Corp. v. Hillier*, No. 8:11-CV-00719, 2011 WL 2216794 at *2 (M.D. Fla. June 7, 2011) (finding USPTO records informed the plausibility of plaintiff's allegations and were therefore central to plaintiff's claims).

> **B.    PLAINTIFF'S TRADEMARK REGISTRATION DOES NOT RENDER ITS MARK STRONG**

Plaintiff erroneously relies on *Dieter v. B & H Indus. of Sw. Fla., Inc.*, 880 F.2d 322 (11th Cir. 1989), to argue that its mark is "relatively strong." Doc. 32 at 6–7. But the Eleventh Circuit has recognized that "[the] precedent in *Dieter* is an outlier" and that "[a] majority of circuits . . . have held that incontestability does ***not*** affect the strength of a mark for purposes of confusion." *Sovereign Mil. Hosp. Ord. v. Fla. Priory of the Knights Hosp.*, 809 F.3d 1171, 1183 (11th Cir. 2015) (emphasis added). As the Eleventh Circuit has more recently held, "[t]he incontestability of a mark, by itself, says nothing about its strength." *Id.; see also Savannah Coll. of Art & Design, Inc. v. Sportswear, Inc.*, 983 F.3d 1273, 1280 n.10 (11th Cir. 2020) (noting *Dieter* is an outlier and application of *Dieter* may be avoided). Plaintiff's trademark registration is not entitled to a presumption that it is "relatively strong" simply because it has been declared incontestable. As explained in Defendant's opening brief, Doc. 29 at 12–13, Plaintiff's mark is both conceptually and commercially weak; it is descriptive, or at most suggestive, of Plaintiff's services, entitling it to thin trademark protection.

4

The disclaimer of "social media" in Plaintiff's trademark registration is of no help. The likelihood of confusion analysis must consider the mark *as used*, regardless of any disclaimer. As the Complaint alleges, Plaintiff uses a stylized version of "X SOCIALMEDIA," and not "X" alone. Doc. 1-3 at 2–4. Plaintiff's assertion that the Court should focus only on "X," Doc. 32 at 8, ignores marketplace realities, and contradicts the anti-dissection rule established by the U.S. Supreme Court. *See Est. of P.D. Beckwith, Inc. v. Comm'r of Pats.*, 252 U.S. 538, 545–46 (1920); *see also Nat. Answers, Inc. v. SmithKline Beecham Corp.*, No. 04-22646-CIV, 2006 WL 8446787 at *16 (S.D. Fla. Apr. 13, 2006), *aff'd*, 529 F.3d 1325 (11th Cir. 2008) ("[C]ourts determine similarity from an overall impression conveyed by the mark and not a dissection of individual features.") (citation omitted); MCCARTHY § 11:27 ("[A] composite mark is tested for its validity and distinctiveness by looking at it as a whole, rather than dissecting it into its component parts.").[1]

For purposes of a likelihood of confusion analysis, Plaintiff's highly stylized, human-shaped X logo, accompanied with its "X SOCIALMEDIA" mark is, both separately and together, highly dissimilar to Defendant's "X" mark, and does not plausibly support a likelihood of confusion.

## III. THE ALLEGATIONS OF ACTUAL CONFUSION ARE IMPLAUSIBLE

Plaintiff's Opposition continues to distort facts, and mischaracterizes the

---

[1] The disclaimer did not, as Plaintiff argues, "disclaim[] the . . . descriptive portion of its mark;" rather, it disclaimed only Plaintiff's ability to use "social media" in isolation. *See* Doc. 32 at 6; Doc. 1-4 at 2. Plaintiff can, and does, use its entire registered mark—including the descriptive portion—routinely. Thus, the disclaimer has no effect of "placing the focus" on the "X." Doc. 32 at 6.

Complaint's allegations. The Complaint relied on a Google search for "x social media," Doc 1 ¶ 29, which purportedly displayed Defendant as a search result, to allege actual confusion. As explained in Defendant's opening brief, those allegations were misleading because they took the search out of context. Doc. 29 at 14; Doc 26-2. Plaintiff's Opposition now mischaracterizes that original search query, arguing the results displayed were in response to a "Wikipedia Google search" for "who owned X SocialMedia." Doc. 32 at 13. Putting aside that the Complaint on its face demonstrates Plaintiff had conducted a simple Google search for "x social media," Doc. 1 ¶ 29, a search for "who own[s] X SocialMedia" does not help Plaintiff: eight of the first ten results to that query reference Plaintiff. Doc. 38-1. Had Defendant's rebrand "saturate[d] the public conscience with its own use of the mark," as Plaintiff alleges, *Wreal, LLC v. Amazon.com, Inc.,* 38 F.4th 114, 129 (11th Cir. 2022), Defendant's social media platform would overwhelm the Google search results, which it clearly does not.

The absence of allegations of actual consumer confusion months after Defendant's rebrand to "X" contradicts Plaintiff's allegations of actual reverse confusion. *See* MCCARTHY § 32:121.75 (citation omitted) ("If the pleadings show that confusion…is unlikely, the claim for infringement should be dismissed.").

## CONCLUSION

Plaintiff's and Defendant's use of trademarks consisting, in part, of the letter "X" does not make out a plausible claim for infringement. The Complaint and Plaintiff's Opposition fail to support a single likelihood of confusion factor.

Accordingly, Defendant respectfully requests that the Court grant its Motion to Dismiss (Doc. 29) with prejudice.

|  |  |
|---|---|
| Dustin Mauser-Claassen<br>Florida Bar No. 0119289<br>Quinn B. Ritter<br>Florida Bar No. 1018135<br>KING, BLACKWELL, ZEHNDER,<br>  & WERMUTH, P.A.<br>25 E. Pine St., P.O. Box 1631<br>Orlando, FL 32802-1631<br>Telephone: (407) 422-2472<br>dmauser@kbzwlaw.com<br>qritter@kbzwlaw.com | /s/ *Megan K. Bannigan*<br>Megan K. Bannigan (Lead Counsel)*<br>David H. Bernstein*<br>Jared I. Kagan*<br>Nicole M. Flores*<br>Debevoise & Plimpton LLP<br>66 Hudson Blvd<br>New York, NY 10001<br>Telephone: (212) 909-6000<br>mkbannigan@debevoise.com<br>dhbernstein@debevoise.com<br>jikagan@debevoise.com<br>nmflores@debevoise.com<br>**Admitted pro hac vice* |

**COUNSEL FOR DEFENDANT X CORP.**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on January 29, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Dustin Mauser-Claassen*
Dustin Mauser-Claassen
Fl. Bar No.: 0119289

7