UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

X SOCIAL MEDIA LLC,

    Plaintiff,

v.

X CORP.,

    Defendant.

Case No. 6:23-cv-01903-JA-EJK

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, X Corp. ("Defendant") hereby files its Answer and Affirmative Defenses to the Complaint (Doc. 1) of Plaintiff, X Social Media LLC ("Plaintiff").

1.    Defendant admits that Plaintiff has brought a complaint alleging causes of action under Sections 32 and 43 (a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125; unfair competition and trademark infringement under the common law of the State of Florida; and under of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), but otherwise denies the allegations in paragraph 1 of the Complaint and specifically denies any liability.

2.    Upon information and belief, Defendant admits that Plaintiff is a Florida limited liability company organized and existing under the laws of Florida.

3.    Defendant admits that it is a corporation organized under the laws of Nevada, but denies that its principal place of business is Carson City, Nevada.

1

4. Paragraph 4 of the Complaint states legal conclusions to which no response is required.

5. Paragraph 5 of the Complaint states legal conclusions to which no response is required.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis denies them.

8. Defendant denies the allegations in Paragraph 8 of the Complaint, except admits that Twitter Inc., was acquired by Elon Musk in 2022, and announced that it was adopting the mark "X" in July 2023.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and on that basis denies them.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and on that basis denies them.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and on that basis denies them.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and on that basis denies them.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and on that basis denies them.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies them.

16. Defendant denies the allegations in Paragraph 16 of the Complaint, except admits that, on or about July 2023, Twitter announced its plan to rebrand its popular social media application under the mark "X".

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. Defendant admits the allegations in paragraph 18 of the Complaint.

19. Defendant admits the allegations in paragraph 19 of the Complaint and respectfully refers the Court to Exhibit E for its true and complete contents.

20. Defendant denies the allegations in Paragraph 20 of the Complaint and respectfully refers the Court to Exhibit F for its true and complete contents.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint and respectfully refers the Court to Exhibit G for its true and complete contents.

23. Defendant denies the allegations in Paragraph 23 of the Complaint, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's revenues in paragraph 23 of the Complaint, and on that basis denies them.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. A response to Paragraph 25 of the Complaint would implicate attorney-client communications, and on that basis, Defendant declines to respond to Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint, except admits that Plaintiff sent a cease and desist letter in August 2023 and that Defendant declined to cease use of the X mark.

27. Defendant denies the allegations in Paragraph 27 of the Complaint, except admits that it has filed multiple trademark applications for the use of the mark "X," including an application for business data analysis; promotional services; business consulting and information services; business, consumer, and market research.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint and avers that Plaintiff has selectively captured a portion of the results yielded following a Google Search query with "x social media."

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

## FIRST CAUSE OF ACTION
### (Registered Trademark and Service Mark Infringement)

31. Defendant incorporates by reference its answers to all previous paragraphs as though fully stated herein.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint, except admits that Defendant re-branded from Twitter to X in July 2023.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

40. Defendant denies the allegations in Paragraph 40 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

41. Defendant denies the allegations in Paragraph 41 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

## SECOND CAUSE OF ACTION
### (Florida Common Law Unfair Competition)

42. Defendant incorporates by reference its answers to all previous paragraphs as though fully stated herein.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

46. Defendant denies the allegations in Paragraph 46 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

## THIRD CAUSE OF ACTION
### (Florida Deceptive and Unfair Trade Practices Act)

47. Plaintiff's Third Cause of Action has been dismissed, and accordingly Defendant does not address the allegations in paragraph 47 of the Complaint.

48. Plaintiff's Third Cause of Action has been dismissed, and accordingly Defendant does not address the allegations in paragraph 48 of the Complaint.

49. Plaintiff's Third Cause of Action has been dismissed, and accordingly Defendant does not address the allegations in paragraph 49 of the Complaint.

50. Plaintiff's Third Cause of Action has been dismissed, and accordingly Defendant does not address the allegations in paragraph 50 of the Complaint.

51. Plaintiff's Third Cause of Action has been dismissed, and accordingly Defendant does not address the allegations in paragraph 51 of the Complaint.

52. Plaintiff's Third Cause of Action has been dismissed, and accordingly Defendant does not address the allegations in paragraph 52 of the Complaint.

53. Plaintiff's Third Cause of Action has been dismissed, and accordingly Defendant does not address the allegations in paragraph 53 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Common Law Trademark and Service Mark Infringement)

54. Defendant incorporates by reference its answers to all previous paragraphs as though fully stated herein.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint, and on that basis denies them.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint, and on that basis denies them.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

64. Defendant denies the allegations in Paragraph 64 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

## RESPONSE TO PRAYER FOR RELIEF

WHEREFORE, in view of the foregoing, Defendant denies that Plaintiff is entitled to any relief whatsoever, and respectfully submits that the Complaint should be dismissed with prejudice.

### General Denial

Unless otherwise specifically admitted herein, each and every allegation in the Complaint is hereby denied.

Defendant reserves the right to amend this Answer and to assert additional defenses or to supplement, alter, or change this Answer, or to assert any counterclaims, upon ascertaining more definite facts during and upon completion of its investigation and discovery.

## ADDITIONAL DEFENSES

As additional defenses, Defendant alleges, asserts and states the following, which apply to each and every cause of action asserted in the Complaint to which such defense may be applicable.  By virtue of alleging these further defenses, Defendant does not assume any burden of proof, persuasion or production not otherwise legally assigned to it.  Defendant also does not concede that facts contrary to one or more of the statements that follow would support liability as to any or all of them.  Defendant asserts and expressly reserves all rights to assert any and all other defenses as appropriate, including as may be revealed during the course of discovery.

1.  Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.  To the extent Plaintiff is seeking monetary damages, Plaintiff's claim is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

3.  Plaintiff has sustained no harm, irreparable or otherwise, due to Defendant's actions.

4.  Plaintiff's claim for enhancing damages and fees are barred by Plaintiff's failure to allege aggravating circumstances sufficient to support the award of such damages or fees. Such an award or fees under 15 U.S.C. § 1117 is permissible only in "exceptional cases," which Plaintiff has failed to allege here.

5.  Plaintiff's claims are barred as its trademark is invalid.

6.  Defendant has not infringed and currently does not infringe any alleged trademark and is not liable for any infringement.

7.  Plaintiff's Complaint fails because Defendant was not the actual or proximate cause of any damage to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Defendant asks for judgment on Plaintiff's claims as follows:

1.  Judgment in favor of Defendants and against Plaintiff on all claims;

2.  An award by the Court to Defendant of its costs in this case;

3.  An award by the Court to Defendant of its reasonable attorneys' fees in this case; and

4. An award by the Court to Defendant of any other relief that the Court considers just and proper.

Dated: July 29, 2024

| | |
|---|---|
| Dustin Mauser-Claassen<br>Florida Bar No. 0119289<br>Quinn B. Ritter<br>Florida Bar No. 1018135<br>KING, BLACKWELL, ZEHNDER,<br>   & WERMUTH, P.A.<br>25 E. Pine St., P.O. Box 1631<br>Orlando, FL 32802-1631<br>Telephone: (407) 422-2472<br>dmauser@kbzwlaw.com<br>qritter@kbzwlaw.com | /s/ *Megan K. Bannigan*<br>Megan K. Bannigan (Lead Counsel)*<br>David H. Bernstein*<br>Jared I. Kagan*<br>Nicole M. Flores*<br>Debevoise & Plimpton LLP<br>66 Hudson Blvd<br>New York, NY 10001<br>Telephone: (212) 909-6000<br>mkbannigan@debevoise.com<br>dhbernstein@debevoise.com<br>jikagan@debevoise.com<br>nmflores@debevoise.com<br>**Admitted pro hac vice* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on July 29, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Dustin Mauser-Claassen*
Dustin Mauser-Claassen
Florida Bar No. 0119289

*Counsel for Defendant, X. Corp.*