# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

X SOCIAL MEDIA LLC,

      Plaintiff,

v.

X CORP.,

      Defendant.

Case No. 6:23-CV-01903-JA-EJK

**FIRST AMENDED INITIAL DISCLOSURES OF DEFENDANT X CORP.**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(a)(1), Defendant, X Corp. ("Defendant") hereby amends its initial disclosures to Plaintiff, X Social Media LLC ("Plaintiff," and together with Defendant, the "Parties") by and through its undersigned counsel.

Defendant's investigation of claims in this action is ongoing and the disclosures below are based on information reasonably available to Defendant at this time, following a good faith inquiry. Defendant reserves the right to supplement, amend, or modify its disclosures and/or produce additional information during the course of discovery; to rely on such information as evidence in this action; and to identify additional witnesses likely to have discoverable information that Defendant may use to support its claims or defenses.

Defendant makes these disclosures without waiving in any manner: (i) the right to object on any basis permitted by law to the use of any disclosure of information contained herein for any purpose in any subsequent proceeding in this or

1

any other action; (ii) the right to object on any basis permitted by law to any discovery request or proceeding involving or related to the subject matter of these disclosures; (iii) any claim of privilege, work product, or other applicable protection from discovery; and (iv) the right to later object to the relevancy, materiality, admissibility, or privileged status of any material or other matters disclosed herein at any time, including at trial of this or any other action.

These disclosures do not identify or otherwise include information concerning experts, as this subject is not covered by Fed. R. Civ. P. 26(a)(1). Defendant has provided its expert disclosures on December 6, 2024.

**I.    Individuals Likely to Have Discoverable Information That Defendant May Use**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), set forth below is the name and address of each individual likely to have discoverable information – along with the subjects of that information – that Defendant may use to support its defenses. In making these disclosures, Defendant does not waive its right to object, pursuant to any applicable rule, to the deposition testimony of any of the individuals listed below. Defendant reserves the right to identify and/or call as witnesses other individuals with knowledge of relevant facts as may be discovered or subsequently identified in the course of this litigation, including but not limited to any individuals identified in Plaintiff's Fed. R. Civ. P. 26(a) disclosures, Plaintiff's discovery responses, individuals whose names appear in any documents produced by any party

2

who may have discoverable, relevant information as shown in those documents, and any third parties identified through discovery.

1. **Fiz Olajide**

> Director, Animation, Video, & Innovation Strategy
> X Corp.
> c/o Debevoise & Plimpton LLP
> 66 Hudson Boulevard
> New York, New York 10001

Ms. Olajide likely will, or may, have discoverable information related to marketing, design and brand strategy for goods and services offered under the X mark; target and current customers; the selection, use, development, and branding of the X name and mark; the channels of trade utilized by Defendant for its goods and services; and the absence of actual or potential confusion with Plaintiff's mark or Plaintiff's goods and services.

Ms. Olajide should only be contacted through undersigned counsel.

2. **Naser Baseer**

> Director, Associate General Counsel
> X Corp.
> c/o Debevoise & Plimpton LLP
> 66 Hudson Boulevard
>
> New York, New York 10001

Mr. Baseer likely will, or may, have discoverable information related to the creation, selection, adoption, registration and use of the X name and mark; the goods and services offered in connection with the X name and mark; and the absence of actual or potential confusion with Plaintiff's mark or Plaintiff's goods and services.

Mr. Baseer should only be contacted through undersigned counsel.

**3.      Alex Josephson**

Vice President, NEXT
X Corp.
c/o Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, New York 10001

Mr. Josephson likely will, or may, have discoverable information related to the goods and services offered in connection with the X name and mark; the sales methods and channels of trade utilized by Defendant for its goods and services; use of the X name and mark; target and current customers of Defendant's goods and services; and the absence of actual or potential confusion with Plaintiff's mark or Plaintiff's goods and services.

Mr. Josephson should only be contacted through undersigned counsel.

**II.      Documents, Data Compilations, and Tangible Things That Defendant May Use**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Defendant provides the following list of documents, electronically stored information, and tangible things in its possession, custody, or control, believed to contain discoverable information, and that Defendant may use to support its defenses:[1]

---

[1]      Defendant believes that Plaintiff and third parties are likely to possess discoverable information and documents, including, but not limited to, documents relating to Plaintiff's selection and adoption of the X SOCIALMEDIA mark, Plaintiff's knowledge of other similar marks when it selected the X SOCIALMEDIA mark, Plaintiff's use and promotion of the X SOCIALMEDIA mark, Plaintiff's efforts to enforce its trademark rights, Plaintiff's actual sales methods used, Plaintiff's current and planned products and services offered under the X SOCIALMEDIA mark, Plaintiff's targeted consumers, Plaintiff's alleged damages, alleged instances of consumer confusion between the Parties' marks, and alleged instances of consumer injury resulting from Defendant's alleged conduct. In addition to categories of documents and information identified in Plaintiff's initial disclosures, Defendant anticipates learning of those documents throughout discovery.  Defendant reserves the right to rely on such documents and information.

1. Documents relating to Defendant's use of the X trademark;

2. Documents relating to the products and/or services Defendant offers under the X trademark;

3. Documents relating to the marketing and promotion of the products and/or services offered under the X trademark;

4. Documents relating to Defendant's targeted and actual consumers;

5. Documents related to the channels of trade through which Defendant's X products and/or services are offered

At this time, Defendant believes all such documents are stored in Defendant's GSuite, Box, Slack, and internal tools and systems, or are otherwise publicly available.

Documents protected by the attorney-client privilege, work-product doctrine, or other applicable privileges will not be provided for inspection. By providing these descriptions Defendant does not waive, but expressly preserves, all objections as to the relevance, privilege, and admissibility of the documents described. Defendant also expressly reserves its right to supplement this list and rely on additional documents as further information becomes available to it throughout this litigation.

Defendant reserves the right to introduce additional or different documents in support of its defenses based on further investigation and pre-trial discovery.

6. Any and all pleadings and other documents filed in this matter.

5

Copies of these documents are believed to be in the possession of all parties and are publicly available on the Court's CM/ECF system.

**III.     Computation of Any Category of Damages Claimed by Defendant**

Defendant is not claiming damages at this time.

**IV.     Insurance Agreements**

At this time, Defendant is not aware of any insurance agreement under which the insurer may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse payments made to satisfy a judgment.

Dated:          January 15, 2025
                New York, New York

DEBEVOISE & PLIMPTON LLP

By: */s/ Megan K. Bannigan*
Megan K. Bannigan (Lead Counsel)*

Dustin Mauser-Claassen              David H. Bernstein*
Florida Bar No. 0119289             Jared I. Kagan*
Quinn B. Ritter                     Nicole M. Flores*
Florida Bar No. 1018135             Debevoise & Plimpton LLP
KING, BLACKWELL, ZEHNDER,           66 Hudson Blvd
   & WERMUTH, P.A.                   New York, NY 10001
25 E. Pine St., P.O. Box 1631       Telephone: (212) 909-6000
Orlando, FL 32802-1631              mkbannigan@debevoise.com
Telephone: (407) 422-2472           dhbernstein@debevoise.com
dmauser@kbzwlaw.com                 jikagan@debevoise.com
qritter@kbzwlaw.com                 nmflores@debevoise.com

                                    *Admitted pro hac vice*

                                    *Attorneys for X Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 15, 2025, a true and correct copy of Defendant X Corp.'s Initial Disclosures was served on the below counsel of record for Plaintiff X Social Media LLC.

Kathryn G. Kent, Esq. – kkent@gerbenlawfirm.com
Sophie A. Edbrooke, Esq. – sedbrooke@gerbenlawfirm.com
Eric Perrott, Esq. - eperrott@gerbenlawfirm.com

Dated: January 15, 2025
New York, NY

BY:  */s/ Nicole M. Flores*
Nicole M. Flores

7