UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

X SOCIAL MEDIA LLC,

        Plaintiff,

v.                                      CASE NO. 6:23-cv-1903-JA-UAM

X CORP.,

        Defendant.
_____

## ORDER

This case is before the Court on Plaintiff's opposed motion for leave to file an amended complaint (Doc. 62), Defendant's response (Doc. 66), and Plaintiff's reply (Doc. 75). Based on the Court's review of the parties' submissions, the motion must be denied.

I.    BACKGROUND

This is a case for trademark infringement relating to the parties' use of the letter "X" in association with their respective businesses. (*See* Doc. 1 ¶ 36). When this case began in October 2023, Defendant—X Corp.—was a subsidiary of X Holdings Corp., a relationship that Defendant disclosed in its Rule 7.1 Disclosure Statement (Doc. 28). In March 2025, Defendant was involved in a corporate restructuring in which X Holdings Corp., along with X.AI Corp., was acquired by a newly formed company, X.AI Holdings Corp. (Doc. 62 at 2; Doc.

66-1 ¶¶ 15–17). As a result, Defendant became a sister corporation[1] of X.AI Corp. and an indirect subsidiary of X.AI Holdings Corp. but remained a direct subsidiary of X. Holdings Corp. (*Id.* ¶ 18). On April 10, 2025, Plaintiff filed the present motion for leave to join X.AI Corp. and X.AI Holdings Corp. (Proposed Defendants) as defendants and for a six-month extension of the discovery deadline—which expired on May 2, 2025—for Plaintiff to investigate its potential claims against those entities. (Doc. 62 at 1). In response, Defendant argues that Plaintiff's motion is: (1) futile; (2) prejudicial; (3) unduly delayed; and (4) fails to provide good cause to modify the scheduling order.

## II.   LEGAL STANDARDS

Ordinarily, after discovery is underway, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," *id.*, a motion to amend "may be denied on 'numerous grounds' such as 'undue delay, undue prejudice to the defendants, and futility of the amendment,'" *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of*

---

[1] Plaintiff asserts that Defendant and X.AI Corp. are not "sister companies" because Defendant's chief executive officer has publicly stated that the March 2025 transaction caused Defendant and X.AI Corp. to become "intertwined." (Doc. 75 at 1). A "sister corporation" is defined as "[o]ne of two or more corporations controlled by the same, or substantially the same, owners." *Corporation*, Black's Law Dictionary (12th ed. 2024). Based on the allegations in Plaintiff's motion, the Court finds that it is accurate to refer to Defendant and X.AI Corp. as "sister corporations."

*Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1286 (11th Cir. 2003) (quoting *Brewer–Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000)).

The deadlines to add parties, amend pleadings, and complete discovery have expired. (Docs. 36 & 53). "When a party files a motion for leave to amend a pleading after the applicable scheduling order deadline has passed, the party is in effect seeking to modify this deadline." *Coach Inc. v. Visitors Flea Mkt., LLC*, 6:11-cv-1905-Orl-19GJK, 2012 WL 12905809, at *1 (M.D. Fla. June 11, 2012) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). Where "a party's motion to amend is filed after the deadline for such motions . . . the party must show good cause why leave to amend the complaint should be granted." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007) (citing Fed. R. Civ. P. 16(b) and *Sosa*, 133 F.3d at 1419). "Although most cases addressing the good cause requirement of Rule 16(b) focus on the diligence of the moving party, futility of amendment is also a proper reason for denying a motion for leave to amend under Rule 16(b)." *UMG Recordings, Inc. v. Bright House Networks, LLC*, No. 8:19-CV-710, 2020 WL 11567025, at *5 (M.D. Fla. Dec. 29, 2020) (quoting *Bowers v. Am. Heart Ass'n, Inc.*, 513 F. Supp. 2d 1364, 1367–68 (N.D. Ga. 2007)). Futility of amendment is established if the proposed amended complaint would be "subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

## III. DISCUSSION

Plaintiff contends that "justice now requires" amendment of the complaint to join the Proposed Defendants because Defendant's March 2025 corporate restructuring could materially affect the outcome of this case in light of a recent United States Supreme Court decision, *Dewberry Group, Inc. v. Dewberry Engineers Inc.*, 145 S. Ct. 681, 683 (2025). (*See* Doc. 62 at 3). In *Dewberry*, the Supreme Court considered an award of $43 million in disgorged profits that the district court granted under the Lanham Act, 15 U.S.C. § 1117(a). *Id.* The $43 million award was calculated based on the total profits accrued by the defendant-infringer and its affiliates. *Id.* at 685–86.

The *Dewberry* Court vacated the award on the grounds that the statutory entitlement to "recover [the] defendant's profits" under § 1117(a) extended only to named defendants, not affiliates. *Id.* at 686. The Court noted that the Lanham Act's remedies section contemplates that "[i]f the court shall find that the amount of the recovery based on profits is either inadequate or excessive[,] the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances." *Id.* at 687 (modifications in original) (quoting § 1117(a)). However, the *Dewberry* Court found that the district court failed to undertake a "just-sum" analysis and instead fashioned an award that was "simply the sum of all the Dewberry entities' real-estate profits for the

4

relevant years," a practice the Court determined had no statutory basis. *Id.* "All [the Court] h[e]ld . . . is that the courts below were wrong to treat Dewberry Group and its affiliates as a single entity in calculating the 'defendant's profits.'" *Id.* at 688. (quoting § 1117(a)).

Plaintiff argues that it "must add defendants that may be on the reaping end of profits" obtained from alleged trademark infringement, such as the Proposed Defendants, or risk being barred from recovering potential profits. (Doc. 62 at 4). Plaintiff argues good cause exists to amend the complaint because *Dewberry* materially changed the law and created a need for Plaintiff to take steps to "avoid the outcome in *Dewberry*" and prevent Defendant's affiliates "from potentially insulating themselves from the consequences of alleged wrongdoing." (Doc. 62 at 5).

But Plaintiff has not shown that *Dewberry* provides good cause for its proposed amendment. In interpreting § 1117(a) to allow disgorgement only from the named defendant rather than affiliates, *Dewberry* affirmed the long-standing rule in the Eleventh Circuit that separate corporations are "presumed to be distinct 'legal entit[ies],' even" if those corporations are intertwined. *Edmondson v. Velvet Lifestyles, LLC*, 43 F.4th 1153, 1162 (11th Cir. 2022) (alteration in original) (quoting *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011)). Otherwise, *Dewberry* pertains to the proper

5

calculation of a disgorgement award, which is premature for this Court to consider. Plaintiff has not shown that *Dewberry* provides an independent basis for joining the Proposed Defendants to this lawsuit or that *Dewberry* can support a finding of good cause to modify the scheduling order.

"A trademark infringement claim . . . requires proof: (1) that [p]laintiff has a valid mark, (2) that, without authorization, [d]efendants used the mark or a colorable imitation thereof in commerce . . . and (3) that [d]efendants used the mark in a manner likely to confuse consumers." *Sound Surgical Techs., LLC v. Leonard A. Rubinstein, M.D., P.A.*, 734 F. Supp. 2d 1262, 1268 (M.D. Fla. 2010) (citing *North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1218 (11th Cir. 2008)). Plaintiff's proposed amended complaint (Doc. 62-1) posits that the Proposed Defendants could benefit from Defendant's alleged infringement. (*See* Doc. 62-1 ¶¶ 36–42). But the proposed amended complaint contains only conclusory statements in support of that assertion and lacks any factual allegations as to the Proposed Defendants' participation in the alleged infringing activity. *See Fla. Virtual Sch. v. K12, Inc.*, No. 6:20-cv-2354, 2023 WL 7128862, at *2 (M.D. Fla. Sept. 28, 2023) (explaining that a plaintiff's "deployment of vague language regarding its trademark infringement counts" cannot salvage a trademark infringement claim that "could never have been brought in the first place").

Plaintiff argues that a cause of action exists against X.AI Holdings Corp. because X.AI Holdings Corp. could be found liable for the infringing activity of its subsidiaries, including Defendant. (Doc. 75 at 4). To support this proposition, Plaintiff cites caselaw that Plaintiff claims establishes that parent corporations who "chose to name [their] subsidiary by [an] infringing name" may be found liable for trademark infringement. (Doc. 75 at 4 (citing *Bauer Lamp Co. v. Shaffer*, 941 F.2d 1165, 1171 (11th Cir. 1991); *ITT Corp. v. Xylem Grp., LLC*, 963 F. Supp. 2d 1309, 1324 (N.D. Ga. 2013); and *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844 (1982))). But none of these cases supports the proposition that a cause of action for trademark infringement exists against an entity just because the entity is in the same corporate family as an alleged infringer. In fact, the Eleventh Circuit has held that "in cases involving a parent and its subsidiary, courts are reluctant to impute the activities of the subsidiary to the parent when some semblance of independence has been maintained." *Kozial v. Bombardier-Rotax GmbH*, 129 F. App'x 543, 547 (11th Cir. 2005) (citing *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293–94 (11th Cir. 2000)). Aside from speculation about what it means for Defendant and the Proposed Defendants to be "intertwined," Plaintiff provides no reason for the Court to depart from that general rule in this case. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,

116 F.3d 1364, 1381 (11th Cir. 1997) (affirming dismissal where the complaint was "devoid of specific allegations with respect to the separate [d]efendants").

Plaintiff also argues that "justice requires" Plaintiff to have the opportunity to obtain discovery from the Proposed Defendants because Defendant's executives have "tout[ed] the monetary value" of the March 2025 transaction while soliciting investment into X.AI Holdings Corp. (Doc. 75 at 3; Doc. 75-1). Plaintiff's line of argument is conclusory, devoid of any legal authority, and does not address how good cause might exist to amend the complaint or modify the scheduling order. It must therefore be disregarded. *See United States v. Markovich*, 95 F.4th 1367, 1379 (11th Cir. 2024) (rejecting a "conclusory argument" because the party advancing it "d[id] not explain [its] legal basis" or cite "legal authority to support it").

Defendant argues that it will be prejudiced by modification of the scheduling order at this late stage of the case. Indeed, courts in this district have noted that "[a]dding new claims and new [defendants] [after the close of discovery] will unduly prejudice [Defendant] by prolonging discovery." *Pilkington v. United Airlines, Inc.*, 158 F.R.D. 508, 510 (M.D. Fla. 1994). The discovery cutoff was May 2, 2025, but Plaintiff now seeks to add the Proposed Defendants and conduct six more months of discovery on topics related to Defendant's corporate structure and the March 2025 transaction. (Doc. 62 at 1–

8

2). Until now, Plaintiff has not sought to join any of the pre-existing entities affiliated with Defendant, such as X Holdings Corp., Defendant's direct parent corporation. Plaintiff does not provide any argument or authority to assuage the concern about potential prejudice.

Plaintiff does not provide good cause to support its proposed disruption to the scheduling order. Discovery has already closed and much of the information Plaintiff now seeks could reasonably have been requested earlier. *See Smith*, 487 F.3d at 1367 (finding that good cause under Rule 16(b) did not exist where the movant failed to explain "what [the] new [claims are], what facts support[] [the new claims], and why those facts previously were undiscoverable"); *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (affirming the denial of a motion to amend the pleadings where the motion would have "delayed proceedings and prejudiced [the non-movant], which had completed discovery and would have had to conduct additional discovery" on new issues). Thus, Plaintiff's motion must be denied.[2]

### IV. CONCLUSION

For the reasons explained above, it is **ORDERED** that Plaintiff's motion for leave to file an amended complaint (Doc. 62) is **DENIED**. Additionally,

---

[2] Having found that Plaintiff's motion must be denied for the reasons explained, the Court will not address the parties' remaining arguments.

Defendant's request for oral argument on Plaintiff's motion (Doc. 67) is **DENIED** as moot.

**DONE** and **ORDERED** in Orlando, Florida, on May 17, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record