**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| X SOCIAL MEDIA LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>X CORP.<br><br>                      Defendant. | Case No. 6:23-CV-01903-JA-UAM |

**PLAINTIFF X SOCIAL MEDIA LLC'S MEMORANDUM IN SUPPORT OF A PORTION OF DEFENDANT X CORP.'S UNOPPOSED MOTION TO SEAL SEVEN EXHIBITS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (D.I. 87)**

Plaintiff X Social Media LLC files this Memorandum in Support of a certain portions of Defendant X Corp.'s Unopposed Motion to Seal Seven Exhibits in Support of Defendant's Motion for Summary Judgment (D.I. 87), pursuant to Middle District of Florida Local Rule 1.11(c). X Social Media supports the filing of 5 documents under seal (Exhibits 4, 7, 9, 21, and 35) and does not take a position as to the remaining two documents (Exhibits 5 and 20).[1]

## I.    INTRODUCTION

On June 4, 2025, X Corp. filed a Motion to Seal seven documents. D.I. 87.

---

[1] Consistent with X Corp.'s Motion to file under seal (D.I. 87), unless otherwise noted, all references to "Exhibits" are referring to the Exhibits attached to the Declaration of Jared I. Kagan in Support of Defendant's Motion for Summary Judgment and Daubert Motion to Exclude Certain Testimony and Opinions of David J. Franklyn, filed at D.I. 85.

X Corp.'s Motion to File Under Seal was based on either (1) X Corp.'s, (2) X Social Media's, or (3) a third party's potential good cause to file under seal. *See*, D.I. 87, page 3, *citing Patent Asset Licensing, LLC v. Bright House Networks, LLC*, No. 3:15-CV-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016).

X Social Media's position is inserted into the chart below from D.I. 87:

| **Docket Number** | **Exhibit** | **Description** | **Beginning Bates Number** | **X Social Media's Position** |
|---|---|---|---|---|
| D.I. 85-4 | Ex. 4 | Deposition transcript of Plaintiff's owner, Jacob Malherbe (as individual) dated February 4, 2025 | n/a | Portions of transcript should be filed under seal – financial information. |
| D.I. 85-5 | Ex. 5 | Deposition transcript of Elijah McNally (as corporate representative of Arias, Sanguinetti, Wang & Team, LLP Attorneys at Law) dated April 28, 2025 | n/a | X Social Media does not believe this needs to be filed under seal. |
| D.I. 85-7 | Ex. 7 | Deposition transcript of Plaintiff's former president and general counsel, Robert David Potter dated April 18, 2025 | n/a | Portions of transcript should be filed under seal – financial information. |
| D.I. 85-9 | Ex. 9 | Deposition transcript of Plaintiff's owner, Jacob Malherbe (as corporate representative) dated April 8, 2025 | n/a | Portions of transcript should be filed under seal – financial information, employee privacy |

| | | | | |
|---|---|---|---|---|
| | | | | health information, irrelevant information subject to an NDA. |
| D.I. 85-20 | Ex. 20 | Defendant's internal marketing concepts for potential advertisements | XCORP00004446 | X Social Media does not oppose X Corp.'s position. |
| D.I. 85-21 | Ex. 21 | Plaintiff's insertion order and media campaign proposal for third party customer, including financial information | XSM00979 | Document should be filed under seal – financial information, customer information |
| D.I. 85-36 | Ex. 35 | Plaintiff's profit & loss spreadsheet summarizing its financial information | XSM00048 | Document should be filed under seal – financial information |

## II.     MEMORANDUM IN SUPPORT

**1. X Social Media's Confidential Corporate and Financial Information, Including Profit and Loss Statements and Related Deposition Testimony, are Properly Filed Under Seal.**

The public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001); *see also Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) ("A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."). " 'Good cause is established by the

moving party when disclosure will cause the party to suffer a clearly defined and serious injury.' " *NXP B.V. v. Research In Motion, Ltd.*, No. 6:12–cv–498–Orl–22TBS, 2013 WL 4402833, *2 (M.D. Fla. Aug. 15, 2013) (*quoting Vista India, Inc. v. Raaga, LLC*, No. 07–1262, 2008 WL 834399, *2 (D.N.J. Mar. 27, 2009)).

Courts in this district have granted motions to seal in intellectual property cases (patent infringement cases) where the information sought to be protected was designated "confidential" by agreement of the parties and where public access to the documents could violate the parties' privacy or proprietary interests. *Patent Asset Licensing, LLC v. Bright House Networks, LLC*, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016), *citing e.g., Arthrex, Inc. v. Parcus Med., LLC*, No. 2:11-CV-694-FTM-29CM, 2014 WL 1569149, at *4 (M.D. Fla. Apr. 17, 2014); NXP B.V., 2013 WL 4402833, at *2.

As X Corp. states in the Motion to File Under Seal, "Exhibit 35 contains a comprehensive spreadsheet of Plaintiff's finances, specifically its profit and loss statement spanning multiple years, all of which Plaintiff contends is Highly Confidential Attorney's Eyes Only." D.I. 87, p. 10. X Corp. claims that "the entire document is interrelated to Plaintiff's claims of alleged harm, such that redactions would render the document confusing and unhelpful." *Id*.

X Social Media's maintains its position that "highly confidential attorneys eyes only"-designated financial information, including X Social Media's profit and loss statement (Exhibit 35) should be filed under seal. Relatedly, X Social Media maintains its position that deposition transcript excerpts discussing profit

4

and loss statements, customer information, and financial information are properly filed under seal, as it would be detrimental to X Social Media for such information to be publicly disclosed.

Specifically, the portions of Exhibits 4, 7, and 9 that contain deposition testimony regarding X Social Media's financials or other protected information should be filed under seal. D.I. 85-4 (164:14-177:20), D.I. 33:15-35:25; 186:20-199:15); D.I. 85-9 (229:10-236:21). X Corp. unilaterally decided to file the full deposition transcripts of X Social Media's corporate representative (Malherbe: Exhibits 4 and 9), and X Social Media's former President and General Counsel (Potter: Exhibit 7).[2] Exhibit 21 contains confidential pricing/financial information related to one of X Social Media's customers. D.I. 85-21.

Plaintiff has shown good cause to have the Court seal the documents. Plaintiff's interest in preserving the confidentiality of the information outweighs any interest the public may have in this information. *See Romero*, 480 F.3d at 1246; *see also Patent Asset Licensing, LLC v. Bright House Networks, LLC*, Case No. 3:15-cv-742-J-32MCR, 2016 WL 2991057 (M.D. Fla. May 24, 2016) (permitting a party to file confidential business information under seal); *Bastian v. United Servs. Auto. Assoc.*, Case No. 3:13-cv-1454-J-32MCR, 2014 WL 6908430 (M.D. Fla. Dec. 8, 2014) (same).

---

[2] For portions of depositions, X Social Media approved the public filing of those deposition transcript excerpts. *See* D.I. 85-3 (Exhibit 3, excerpted pages from the deposition transcript for Samuel Clark); and D.I. 85-8 (Exhibit 8, excerpted pages from the deposition transcript for Aaron Vaaler).

5

In *Wilson v. Jackson Nat'l Life Ins. Co.*, No. 3:15-CV-926-J-39JBT, 2017 WL 11885698, at *1 (M.D. Fla. Feb. 16, 2017), the court granted a motion to file under seal documents the plaintiff stated were "laden with financial information, account information, and other personal information that Plaintiff maintains is confidential," such as "confidential personal and business information, including, but not limited to, social security numbers, account numbers, business profit and loss documents, customers, contract amounts, names of subcontractors, etc."

Similarly, here, the deposition transcripts of Malherbe and Potter contain irrelevant personal contact information (home addresses) and confidential personal and business information, including but not limited to, profit and loss statements and related testimony, customers, contract amounts and related financial information. During Malherbe's second deposition, the topic of an employee's private personal health information was discussed (D.I. 85-9, 22:10-13 and 26:8-11), as well as confidential information that was the subject of a non-disclosure agreement with a third party (D.I. 85-9, 78:20-80:13). Testimony regarding an employee's personal and private health information (which is irrelevant to this case) and testimony related to a non-disclosure agreement with a third party (which is irrelevant to this case) should be filed under seal.

Disclosing such information would cause serious injury to X Social Media or third parties. "'Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury.'" *NXP B.V. v. Research In Motion, Ltd.*, No. 6:12–cv–498–Orl–22TBS, 2013 WL 4402833, *2

6

(M.D. Fla. Aug.15, 2013) (*quoting Vista India, Inc. v. Raaga, LLC*, No. 07–1262, 2008 WL 834399, *2 (D.N.J. Mar. 27, 2009)). Therefore, Plaintiff X Social Media supports X Corp.'s motion to file Exhibits 4, 7, 9, 21, and 35 under seal.

### 2. Portions of Testimony That Have Already Been Filed Publicly Do Not Need to Be Filed Under Seal.

It is not X Social Media's position that it is proper to file entire deposition transcripts – nor file the entire transcripts under seal. X Corp. made the unilateral decided to file those transcripts in full rather than filing only the relevant excerpts, which risks putting confidential information into the public record, including irrelevant information that serves no purpose other than to potentially harm the Plaintiff X Social Media.

Portions of Exhibits 4, 7, and 9 have already been filed publicly in this case. *See* Plaintiff's Motion for Reconsideration (D.I. 81). Plaintiff filed the following excerpted pages publicly in support of Plaintiff's Motion for Reconsideration. Plaintiff does not believe the following pages should be filed under seal because they have already been filed publicly:

- D.I. 81-5 contained excerpted pages from Malherbe's first deposition transcript, filed publicly: pages 51-57; 84-88; and 117-147.
- D.I. 81-11 contained excerpted pages of Malherbe's second deposition transcript, filed publicly: pages 8-14; 74-76; 89-99; 102-104; 187-215; and 221-229.
- D.I. 81-12 contained excerpted pages of Potter's deposition

transcript, filed publicly: pages 133-185.

While portions of these depositions could be filed publicly, X Social Media maintains that testimony related to profit loss statements and financials, such as "highly confidential attorneys eyes only" profit loss statements (Exhibits 34, 35, and 118 to the Malherbe and Potter depositions) should be filed under seal or redacted. *See* D.I. 85-4 (164:14-177:20), D.I. 33:15-35:25; 186:20-199:15); D.I. 85-9 (229:10-236:21). The parties recognized the confidential nature of these documents and this testimony, asking X Corp.'s corporate representative Ben Elron to leave the room during this testimony related to "highly confidential attorneys eyes only" information. And all personal, private, health information, and information that is the subject of an NDA should be filed under seal or redacted, particularly when it's irrelevant and not necessary to be filed in support of X Corp.'s motion.

### 3. X Social Media does not Oppose X Corp.'s argument that X Corp.'s document should be filed under seal.

X Corp. requests that the Court permit X Corp. to file Exhibit 20 under seal. X Social Media does not oppose X Corp.'s request.

### 4. At This Time, X Social Media Does Not Oppose Third Parties' Requests to File Documents Under Seal.

At this time, X Social Media does not take a position as to whether Exhibit 5 or other third party documents have to be filed under seal. Exhibit 5 is a deposition transcript of Elijah McNally (as corporate representative of Arias, Sanguinetti, Wang & Team, LLP Attorneys at Law). Doc. 85-5. X Social Media

8

reserves its right to respond to any motions filed by third parties.

### III.  CONCLUSION

For the foregoing reasons, the Court should permit the filing under seal of Exhibit 35 (X Social Media's profit and loss document), Exhibit 21 (containing customer and financial information), and the portions of deposition testimony of Malherbe and Potter that contain confidential, financial, personal health, and private information in Exhibits 4, 7, and 9.

Dated: June 18, 2025                                    Respectfully submitted,

*/s/ Michael Kanach*
Michael Kanach
Kathryn G. Kent
*Lead Counsel*
Sophie Edbrooke
Gerben Perrott, PLLC
*Counsel for Plaintiff, X Social Media*
1050 Connecticut Ave NW
Suite 500
Washington, DC 20036
202-294-2287
kkent@gerbenlawfirm.com
sedbrooke@gerbenlawfirm.com
mkanach@gerbenlawfirm.com

## LOCAL RULE 3.01(g) CERTIFICATION

On June 3, 2025, counsel for Plaintiff conferred with counsel for Defendant via videoconference on the issues raised in Defendant's Motion to File Under Seal. During that meet and confer, X Corp stated it would be filing the Motion to File Under Seal.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 18, 2025, I electronically filed the foregoing using the CM/ECF system, which will send a notice of filing to all counsel of record.

/s/ *Michael Kanach*
Michael Kanach