**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| X SOCIAL MEDIA LCC, <br><br> Plaintiff, <br><br> v. <br><br> X CORP., <br><br> Defendant. | Case No. 6:23-cv-01903-JA-EJK |

**DEVIN VAN DER HAHN'S RESPONSE TO ORDER TO SHOW CAUSE**

Movant, Devin van der Hahn sincerely apologizes for failing to comply with Local Rule 2.01(c)(5) and respectfully requests that the Court discharge the Order to Show Cause and decline to impose sanctions against Movant. In support of this request, Movant states the following:

**Non-Compliance**

1. Local Rule 2.01(c)(5) requires an attorney requesting a special appearance in the Middle District of Florida to "satisf[y] the requirements for obtaining and maintaining membership in the Middle District bar, except the requirements of membership in the Florida Bar, submission of an application, and payment of a periodic fee."

2. In Paragraph 8 of Movant's motion for special admittance, Movant stated:

> I am familiar with and will comply with the federal rules, the Local Rules of the Middle District of Florida, and Florida's Rules of Professional Conduct. I will comply with all other ethical limitations or requirements governing the professional conduct of members of the state bar of Florida.

3. In Paragraph 10 of Movant's motion for special admittance, Movant stated:

I will complete the ECF registration form online on the Court's website promptly upon entry of an order granting this motion.

4. Local Rule 2.01(c)(5), Paragraph 8 of Movant's motion, and Paragraph 10 of Movant's motion drive at the same point: Movant was required to make prompt payment of the $150.00 fee for special admittance and promptly complete the ECF registration form on the Court's website. Movant did not satisfy these clear, unambiguous requirements in a timely manner.

5. With the remainder of the Response, Movant seeks to show three points:

    a. Movant made a timely, good-faith attempt to comply;

    b. Movant belatedly cured his failure to comply; and

    c. Movant sincerely apologizes for his oversight.

### **Good-Faith Effort to Make Timely Payment**

6. On May 2, 2025, Movant mailed a personal check by First-Class Mail to the Clerk of the Court in the amount of the $150.00 fee for special admittance.

7. Since receiving the Court's order to show cause, Movant reviewed his bank records and confirmed that this initial check was not tendered for payment. Movant now understands that personal checks are not accepted by the Clerk of Court—only a cashier check will be accepted.

**Curative Measures**

8. Movant's law office contacted the office for the Clerk of Court on June 11, 2025—promptly after the entry of the Court's Order to Show Cause—to resolve payment. The office for the Clerk of Court instructed Movant's law office to send a replacement cashier check by overnight delivery. Movant sent a cashier check by an overnight parcel the same day.

9. On June 12, 2025, Movant's law office confirmed that the Clerk of Court received the cashier check delivered by overnight parcel.

10. Following the processing of Movant's cashier check, Movant completed ECF registration on June 18, 2025. The Clerk of Court approved Movant's registration on June 20, 2025.

**Personal Apology and Request for Leniency**

11. Based upon Movant's payment of the $150.00 fee for special admittance and Movant's completion of the ECF registration, Movant believes that he has cured his filing deficiencies, albeit after an unnecessary delay caused exclusively by Movant.

12. Movant sincerely apologizes to this Court for Movant's oversight. Movant should have monitored the status of Movant's initial check. If Movant had monitored the initial check, Movant would have been able to timely identify Movant's mistake of offering a personal check to the Clerk of Court. Identifying this mistake, Movant would have sent the proper cashier check to remedy Movant's mistake, all on a timely basis without using judicial resources to correct Movant's oversight. For all of this, Movant apologizes.

13. In consideration of Movant's efforts to cure his filing deficiencies, Movant requests that the Court discharge the Order to Show Cause and decline to sanction Movant.

**WHEREFORE,** Movant appeals to this Court's clemency and respectfully requests that this Court discharge the Order to Show Cause and abstain from sanctioning Movant for these oversights.

| | |
|---|---|
| Dated: June 20, 2025 | /s/ *Devin van der Hahn* |
| | Devin van der Hahn |
| | VanderHahn LLP |
| | 1000 Main Street, Suite 2300 |
| | Houston, Texas 77009 |
| | 281.688.5000 |
| | devin@vanderhahn.com |
| | |
| | *Counsel for Third-Party Witness,* |
| | *R. David Potter* |

### CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025, I electronically filed the foregoing through the Electronic Case Filing, which I understand will send a notice of electronic filing to all counsel of record.

/s/ *Devin van der Hahn*
Devin van der Hahn
VanderHahn LLP
1000 Main Street, Suite 2300
Houston, Texas 77009
281.688.5000
devin@vanderhahn.com

*Counsel for Third-Party Witness,*
*R. David Potter*