## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

X SOCIAL MEDIA LLC,

        Plaintiff,

v.

X CORP.,

        Defendant.

Case No. 6:23-cv-01903-JA-NWH

## DECLARATION OF JARED I. KAGAN IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 37

I, Jared I. Kagan, declare under penalty of perjury as follows:

1.      I am Counsel at the law firm of Debevoise & Plimpton LLP, counsel to Defendant X Corp. in this case.

2.      I am an active member in good standing of the bars of the State of New York, numerous United States District and Circuit Courts, as well as the U.S. Supreme Court. I have been admitted to appear before this Court *pro hac vice*. Doc. 24.

3.      I make this declaration in support of Defendant's Motion for Sanctions Under Rule 37 ("Defendant's Motions"). I have knowledge of the matters set forth herein, either as a direct participant in the matters described, or in my capacity as one of the attorneys responsible for handling this case.

4.      A true and correct copy of redacted excerpts of the transcript of Jacob Malherbe's February 4, 2025 deposition is attached hereto as **Exhibit 1**.

5.      A true and correct copy of excerpts of the transcript of non-party David Potter's April 18, 2025 deposition is attached hereto as **Exhibit 2**.

6.      A true and correct copy of excerpts of the transcript of Aaron Vaaler's April 7, 2025 deposition is attached hereto as **Exhibit 3**.

7.      A true and correct copy of excerpts of the transcript of Samuel Clark's February 5, 2025 deposition is attached hereto as **Exhibit 4**.

8.      A true and correct copy of Defendant's March 26, 2024 First Set of Requests for Production is attached hereto as **Exhibit 5**.

9.      A true and correct copy of email correspondence between counsel for Plaintiff and counsel for Defendant, in February 2025, regarding the Rebuttal Report of David Franklyn, is attached hereto as **Exhibit 6**.

10.      A true and correct copy of email correspondence between counsel for Plaintiff and counsel for Defendant, in February 2025, regarding outstanding discovery requests, is attached hereto as **Exhibit 7**.

11.      A true and correct copy of XSM0226941, a Facebook advertisement created by Plaintiff for its client, which was produced by Plaintiff in the course of this litigation, is attached hereto as **Exhibit 8**.

12.      A true and correct copy of XSM0226944, a Facebook advertisement created by Plaintiff for its client, which was produced by Plaintiff in the course of this litigation, is attached hereto as **Exhibit 9**.

13.     A true and correct copy of XSM0227069, a Facebook advertisement created by Plaintiff for its client, which was produced by Plaintiff in the course of this litigation, is attached hereto as **Exhibit 10**.

14.     A true and correct copy of XSM0227071, a Facebook advertisement created by Plaintiff for its client, which was produced by Plaintiff in the course of this litigation, is attached hereto as **Exhibit 11**.

15.     A true and correct copy of XSM0227078, a Facebook advertisement created by Plaintiff for its client, which was produced by Plaintiff in the course of this litigation, is attached hereto as **Exhibit 12**.

16.     A true and correct copy of XSM0227080, a Facebook advertisement created by Plaintiff for its client, which was produced by Plaintiff in the course of this litigation, is attached hereto as **Exhibit 13**.

17.     A true and correct copy of XSM0227085, a Facebook advertisement created by Plaintiff for its client, which was produced by Plaintiff in the course of this litigation, is attached hereto as **Exhibit 14**.

18.     A true and correct copy of the February 4, 2025 Rebuttal Report of David Franklyn is attached hereto as **Exhibit 15**.

19.     A true and correct copy of excerpts of the transcript of David Franklyn's May 9, 2025 deposition is attached hereto as **Exhibit 16**.

20.     A true and correct copy of XSM0232851, a Facebook advertisement created by Plaintiff for its client, which was produced by Plaintiff in the course of

this litigation on June 4, 2025, and is subject to Defendant's Motion, is attached hereto as **Exhibit 17**.

21.    A true and correct copy of XSM0232852, a Facebook advertisement created by Plaintiff for its client, which was produced by Plaintiff in the course of this litigation on June 4, 2025, and is subject to Defendant's Motion, is attached hereto as **Exhibit 18**.

22.    A true and correct copy of XSM0232853, a Facebook advertisement created by Plaintiff for its client, which was produced by Plaintiff in the course of this litigation on June 4, 2025, and is subject to Defendant's Motion, is attached hereto as **Exhibit 19**.

23.    A true and correct copy of XSM0232854, a Facebook advertisement created by Plaintiff for its client, which was produced by Plaintiff in the course of this litigation on June 4, 2025, and is subject to Defendant's Motion, is attached hereto as **Exhibit 20**.

24.    A true and correct copy of XSM0225338, a landing page created by Plaintiff for its client, which was produced by Plaintiff in the course of this litigation, is attached hereto as **Exhibit 21**.

25.    A true and correct copy of XSM0225342, a landing page created by Plaintiff for its client, which was produced by Plaintiff in the course of this litigation, is attached hereto as **Exhibit 22**.

26.     A true and correct copy of XSM0225346, a landing page created by Plaintiff for its client, which was produced by Plaintiff in the course of this litigation, is attached hereto as **Exhibit 23**.

27.     A true and correct copy of Plaintiff's "Gaming Addiction Claim" Facebook page, which is publicly accessible at https://www.facebook.com/GamingAddictionClaim, is attached hereto as **Exhibit 24**.

28.     A true and correct copy of the "About" section of Plaintiff's "Gaming Addiction Claim" Facebook page, which is publicly accessible at https://www.facebook.com/GamingAddictionClaim/about_profile_transparency, is attached hereto as **Exhibit 25**.

29.     A true and correct copy of XCORP00017095, a landing page created by Plaintiff for its client, which was produced by Defendant in the course of this litigation, is attached hereto as **Exhibit 26**.

30.     A true and correct copy of XCORP00017105, a landing page created by Plaintiff for its client, which was produced by Defendant in the course of this litigation, is attached hereto as **Exhibit 27**.

31.     A true and correct copy of XCORP00017119, a landing page created by Plaintiff for its client, which was produced by Defendant in the course of this litigation, is attached hereto as **Exhibit 28**.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of June, 2025 at New York, New York.

*/s/ Jared I. Kagan*
Jared I. Kagan

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on June 25, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Dustin Mauser-Claassen*
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn B. Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER,
  & WERMUTH, P.A.
25 E. Pine St.
Orlando, FL 32801
Telephone: (407) 422-2472
dmauser@kbzwlaw.com
qritter@kbzwlaw.com