UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

X SOCIAL MEDIA LLC,

        Plaintiff,

v.                                  CASE NO. 6:23-cv-1903-JA-NWH

X CORP.,

        Defendant.
_____

## ORDER

This case is before the Court on Plaintiff, X Social Media LLC's motion for reconsideration (Doc. 81) and Defendant, X Corp.'s response (Doc. 91). Based on the Court's review of the parties' submissions, the motion must be denied.

I.    BACKGROUND

During the discovery period, Plaintiff did not disclose any affirmative expert reports by its deadline to do so, but Defendant served two affirmative expert reports: (1) a marketing report authored by Peter N. Golder, Ph.D., and (2) a consumer survey report on the likelihood of reverse confusion authored by Hal Poret. On its rebuttal report deadline, Plaintiff served the "Rebuttal Report of David Franklyn" (Franklyn Report) (Doc. 51-1). Sections IX–XIV of the Franklyn Report include a reverse two-room *Squirt*[1] sequential lineup survey

---

[1] See *SquirtCo v. Seven-Up Co.*, 628 F.2d 1086 (8th Cir. 1980).

as well as a survey to measure initial-interest confusion (Franklyn Surveys).

Upon Defendant's motion (Doc. 51), the Court struck the Franklyn Surveys because they are untimely affirmative opinions. (Doc. 70). Now, Plaintiff requests the Court to reconsider its order, citing to "new evidence" and claiming that the Court "misunderstood or misconstrued" the record. (*See* Doc. 81 at 3, 5, 21).

## II. LEGAL STANDARDS

District courts are afforded considerable discretion to reconsider prior decisions. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010) (discussing reconsideration of interlocutory orders); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 488–89, 492 (M.D. Fla. 1999) (discussing reconsideration generally and under Federal Rule of Civil Procedure 54(b)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rules 59(e) and 60(b)). Courts in this district recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quoting *True v. Comm'r of the I.R.S.*, 108 F. Supp. 2d 1361, 1365 (M.D. Fla. 2000)); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla.

July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quoting *Prudential Sec., Inc. v. Emerson*, 919 F. Supp. 415, 417 (M.D. Fla. 1996)). "A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quoting *Villaflores v. Royal Venture Cruise Lines, Ltd.*, No. 96-2103-CIV-T, 1997 WL 728098, at *2 (M.D. Fla. Nov. 17, 1997)). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (citing *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982), and *Willens v. Univ. of Mass.*, 570 F.2d 403, 406 (1st Cir. 1978)).

## III. DISCUSSION

In the motion for reconsideration, Plaintiff does not claim that a change in law has occurred that makes the Franklyn Surveys admissible. Rather, Plaintiff argues that the Court wrongly construed the record and that new evidence shows that the Franklyn Surveys are proper rebuttal opinions that

cause no prejudice to Defendant.

### A. Untimely Affirmative Opinions

The Court determined that the Franklyn Surveys were affirmative opinions in part because Professor Franklyn himself identified the Franklyn Surveys as his "affirmative opinions." (Doc. 51-1 at 6). Nevertheless, Plaintiff argues that "new evidence," including Professor Franklyn's deposition testimony, demonstrates that the Franklyn Surveys properly rebut claims made by Dr. Golder and Mr. Poret. (Doc. 81 at 5). Plaintiff also relies on the Complaint (Doc. 1) and *McCarthy on Trademarks and Unfair Competition* (5th ed.), (see Doc. 81 at 14–21), to show that the Franklyn Surveys are rebuttal opinions. As an initial matter, the Court notes that this purportedly new evidence, including the opinions Professor Franklyn provided in his deposition testimony, was reasonably available to Plaintiff at the time Plaintiff filed its opposition and should have been presented to the Court at that time. *See Scelta*, 89 F. Supp. at 1320 (explaining that "motions for reconsideration 'should not be used to raise arguments which could, and should, have been [previously] made." (quoting *Prudential*, 919 F. Supp. at 417)); *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Additionally, none of this purportedly new evidence provides an adequate basis for reconsideration. Plaintiff points to Professor Franklyn's testimony that

Mr. Poret should have used a *Squirt* survey rather than an *Eveready*[2] survey and that Dr. Golder should have considered the possibility of initial-interest confusion. (*See* Doc. 81 at 15; Doc. 82-4 at 121:5–12, 273:2–18). But these opinions are within the proper scope of rebuttal and were not struck in the Court's prior order. (Doc. 51-1 at 14–19, 42–43). The same is also true of Professor Franklyn's testimony about marketplace proximity, (Doc. 51-1 at 15–16; Doc. 81 at 17; Doc. 82-4 at 137:3–12). Thus, this testimony does not address the admissibility of the Franklyn Surveys.

Plaintiff insists that Professor Franklyn's initial-interest-confusion survey was "used to critique both Golden [sic] and Poret." (Doc. 81 at 16). But as the Court previously explained, the Franklyn Surveys are affirmative opinions because they tested theories that were never discussed by Dr. Golder or Mr. Poret. (*See* Doc. 70 at 6). Plaintiff's line of argument to the contrary has already been considered and rejected. *See Loc. Access, LLC v. Peerless Network, Inc.*, 222 F. Supp. 3d 1113, 1115 (M.D. Fla. 2016) ("It is wholly inappropriate in a motion for reconsideration to relitigate the merits of the case, to raise new arguments which should have been raised in previous briefing, or to 'vent dissatisfaction with the Court's reasoning.'" (quoting *Madura v. BAC Home*

---

[2] *See Union Carbide Corp. v. Ever-Ready Inc.*, 531 F.2d 366 (7th Cir. 1976).

*Loans Servicing L.P.*, No. 8:11–cv–2511–T, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013))).

The Court also found that because the concept of initial-interest confusion "was introduced for the first time in this litigation within the Franklyn Report," a survey on initial-interest confusion was not plausibly in rebuttal to Defendant's experts. (Doc. 70 at 6). In response, Plaintiff points to a Google search contained within the Complaint that is substantially similar to one Professor Franklyn used in his initial-interest-confusion survey (Doc. 81 at 8–9 (citing Doc. 1 ¶¶ 8–9)), and to Defendant's discovery requests that sought materials related to "any alleged confusion," (Doc. 81-3 at 8). These arguments were also not raised in Plaintiff's opposition and are inappropriate to raise for the first time at this point. *See Loc. Access, LLC*, 222 F. Supp. 3d at 1115. In any event, Plaintiff has still not demonstrated how a survey testing for initial-interest confusion could rebut the opinions of Dr. Golder or Mr. Poret, which do not mention such a theory. *See Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (explaining that it is improper to use "the motion to reconsider to ask the Court to rethink what the Court . . . already thought through—rightly or wrongly" (alteration in original) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983))).

6

### B. Substantially Justified or Harmless

In addition to challenging the Court's finding that the Franklyn Surveys are affirmative opinions, Plaintiff also asks the Court to reconsider whether Plaintiff's delay in providing the surveys was substantially justified or harmless under Federal Rule of Civil Procedure 37(c)(1). To that end, Plaintiff argues that the Court "misapprehen[ded]" the number of depositions that had been conducted at the time Plaintiff disclosed the Franklyn Report. (Doc. 81 at 1, 5, 7, 11, 24). In its order on the motion to strike, the Court noted that "many depositions" had been taken, but Plaintiff explains that only two depositions were taken at the time Plaintiff served its rebuttal report. (Doc. 81 at 5; *see also* Doc. 51 at 12 (stating that "two of Plaintiff's key witnesses" had been deposed)). Plaintiff notes that "one ground for granting a motion for reconsideration is if the court, in reaching its decision, has overlooked or misconceived some material fact." (Doc. 81 at 6 (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 40)).

But the Court's ruling striking the Franklyn Surveys was not predicated on the precise number of depositions or when they were taken. Instead, the Court found that Defendant plausibly formed some of its discovery strategies in response to Plaintiff's decision not to produce any affirmative expert opinions. (Doc. 70 at 8). The Court further noted that Defendant could have pursued other

7

strategies for written discovery and depositions, its choice of expert witnesses, and the types of opinions that those experts were retained to proffer had the Franklyn Surveys been timely served. (*Id.*).

Plaintiff represents that "[a]t each of the depositions conducted by [Defendant], [Defendant] asked questions related to consumer confusion including initial interest confusion, Google searches, and search engine optimization." (Doc. 81 at 14). But Defendant's steps to mitigate the prejudice caused by Plaintiff's delay in timely providing its expert's affirmative opinions will not be held against Defendant. Plaintiff has still not adequately addressed the inherently prejudicial nature of its belated provision of surveys articulating new theories of the case months after its deadline to do so. Thus, the Court is not persuaded that reconsideration is warranted.

Finally, Plaintiff notes that it was "not required to produce an affirmative expert report" and that a "survey is not necessary[] []or required in this type of case." (Doc. 81 at 21). But Plaintiff still chose to produce the Franklyn Surveys—which are affirmative opinions—at its deadline to produce rebuttal reports; thus, they must be struck. *See Kroll v. Carnival Corp.*, No. 19-23017-CIV, 2020 WL 4793444, at *5 (S.D. Fla. Aug. 17, 2020) (explaining that federal district courts "are not hesitant to exclude or substantially limit expert opinion testimony at trial when an expert is masquerading as a rebuttal expert")

(collecting cases). Thus, the Court will not reconsider its order.

## IV. CONCLUSION

For the reasons explained above, it is **ORDERED** that Plaintiff's motion for reconsideration (Doc. 81) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on June 26, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record